## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RACHEL SARA ROSENTHAL** | ) | |
| **818 Aspen Street NW** | ) | |
| **Washington, D.C. 20012** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action No. _____ |
| | ) | |
| **MATTHEWOS BIMIREW** | ) | |
| **7777 Maple Ave. #404** | ) | |
| **Takoma Park, MD 20912** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

COMES NOW, Plaintiff Rachel Sara Rosenthal ("Plaintiff"), by and through undersigned counsel, and for her Complaint against Defendant Matthewos Bimirew ("Defendant") states as follows:

### Introduction

This is an action for damages arising out of personal injuries sustained by Plaintiff as a pedestrian on April 26, 2016 when she was struck by a vehicle driven by Defendant at the intersection of 18th Street and E Street NW, Washington, D.C. as she was crossing 18th Street in the pedestrian crosswalk.  As a direct and proximate result of Defendant's negligence, Plaintiff has suffered serious and permanent physical injuries resulting in damages which include past and future medical expenses and pain and suffering.

### Jurisdiction and Venue

1.      Jurisdiction in this matter is founded on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332(a)(1).

2.      The matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

3.      Venue in this action properly lies in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, insofar as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## Parties

4.      Plaintiff, Rachel Sara Rosenthal, is currently an adult resident of the District of Columbia, residing at the address set forth above.

5.      Defendant, Matthewos Bimirew, is an adult resident of the state of Maryland residing at the address set forth above.

## Facts

6.      On April 26, 2016, at approximately 08:35 a.m., Plaintiff Rachel Sara Rosenthal was walking across 18th Street at the intersection of 18th Street and E Street NW in Washington, D.C.

7.      Plaintiff was inside the pedestrian crosswalk, observing all traffic laws and following the traffic signal lights.

8.      Plaintiff had nearly reached the far curb when she was struck by a turning Uber sport-utility vehicle driven by Defendant Bimirew that was in the act of transporting a passenger.

9.      The vehicle struck Plaintiff's left side without slowing down or stopping, and collided with her left arm, shoulder and hip.

10.     As Plaintiff sprang out of the way, she also injured a toe in her left foot.

11.     The accident was witnessed from the back seat of the Uber vehicle by the passenger.

12.     Upon information and belief, Plaintiff was fully in front of Defendant's vehicle and three to four seconds elapsed from when the passenger initially saw Plaintiff until the collision.

13.     The sole and proximate cause of the collision and Plaintiff's injuries was Defendant's negligent behavior in not paying attention to the operation of his vehicle and colliding with a pedestrian.

14.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious and permanent injuries, including but not limited to permanent nerve injury and injuries to her shoulder, elbow, hand, hip and toe.

15.     Plaintiff's injuries required extensive medical treatment and caused her significant pain and suffering.

16.     Since the collision, Plaintiff has been significantly limited in her ability to engage in physical activity and the activities of daily living.

17.     As a result of the collision, Plaintiff has suffered, and will continue to suffer, serious bodily and emotional injuries and damages, including pain, suffering, emotional distress, inconvenience, loss of the enjoyment of life, lost wages, medical expenses, and other damages.

## COUNT I – Negligence

18.     All preceding paragraphs are incorporated by reference as though fully set forth herein.

19.     At all relevant times herein, Defendant Bimirew owed Plaintiff a duty to use reasonable care in controlling and operating his vehicle.

20.     Defendant Bimirew breached this duty by, *inter alia*: (a) failing to maintain proper control of his vehicle; (b) failing to pay full time and attention to the operation of his

vehicle; (c) failing to keep a proper lookout; (d) failing to operate his vehicle safely; (e) colliding

with a pedestrian; (f) failing to yield to a pedestrian in a crosswalk; and (g) failing to adhere to

the applicable motor vehicle laws and regulations then and there in full force and effect in the

District of Columbia.

21.     Defendant Bimirew directly and proximately caused the collision with Plaintiff by

negligently breaching the aforesaid duties.

22.     Defendant Bimirew's actions were the proximate cause of the aforesaid collision.

23.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered

damages, including but not limited to, serious and permanent bodily and emotional injuries.

24.     As a further direct and proximate result of Defendant's negligence, Plaintiff

suffered and will continue to suffer physical pain and anguish.

25.     As a further direct and proximate result of Defendant's negligence, Plaintiff

incurred and will continue to incur medical and other expenses.

26.     As a further direct and proximate result of Defendant's negligence, Plaintiff has

incurred and will continue to incur lost wages.

27.     As a further direct and proximate result of Defendant's negligence, Plaintiff had

and continues to have difficulty performing various activities.

28.     For such injuries proximately resulting from Defendant's foregoing negligent

conduct, Defendant is liable to Plaintiff for compensatory damages in an amount not less than

$500,000.00, which amount shall be proven at trial.

29.     WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(1) compensatory damages in an amount not less than $500,000.00, which amount will be proven

at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

## COUNT II - Negligence *Per Se*

30.     All preceding paragraphs are incorporated by reference as though fully set forth herein.

31.     The aforesaid collision was directly and proximately caused by the negligence *per se* of Defendant.

32.     Defendant's conduct, as described herein, was in violation of the motor vehicle laws of the District of Columbia.  Those violations include, but are not limited to: (a) D.C. Mun. Reg. Tit. 18 § 2213.4. which requires that "[a]n operator shall, when operating a vehicle, give full time and attention to the operation of the vehicle"; (b) D.C. Mun. Reg. Tit. 18 § 2300.2 which states that "every operator of a vehicle shall exercise due care to avoid colliding with any pedestrians…"; (c) D.C. Code § 50-2201.04 which provides for penalties for driving a vehicle in a manner so as to endanger any person or property; (d) D.C. Code § 50-2201.28 which requires that "[t]he driver of a vehicle shall stop and remain stopped to allow a pedestrian to cross the roadway within any marked crosswalk, or unmarked crosswalk at an intersection, when the pedestrian is upon the lane, or within one lane approaching the lane, on which the vehicle is traveling or onto which it is turning"; and (e) D.C. Mun. Reg. Tit. 18 § 2208.11 which states that "[a] driver of any vehicle shall stop and give the right-of-way to a pedestrian who has begun crossing on the "WALK" signal to continue to the opposite sidewalk or safety island, whichever is nearest."

33.     The motor vehicle laws of the District of Columbia are designed to protect motor vehicle drivers, pedestrians and other members of the public on District of Columbia roads.

34.     Plaintiff is a member of the class of persons the motor vehicle laws of the District of Columbia are designed to protect.

35.     By violating the aforementioned motor vehicle laws of the District of Columbia, Defendant breached his duties owed to Plaintiff as a member of the class of persons intended to be protected by such laws.

36.     As a direct and proximate result of Defendant's negligence *per se*, Plaintiff suffered damages, including but not limited to, serious and permanent bodily and emotional injuries.

37.     As a further direct and proximate result of Defendant's negligence *per se*, Plaintiff suffered and will continue to suffer physical pain and anguish.

38.     As a further direct and proximate result of Defendant's negligence *per se*, Plaintiff incurred and will continue to incur medical and other expenses.

39.     As a further direct and proximate result of Defendant's negligence *per se*, Plaintiff had and continues to have difficulty performing various activities.

40.     As a further direct and proximate result of Defendant's negligence *per se*, Plaintiff has incurred and will continue to incur lost wages.

41.     For such injuries proximately resulting from Defendant's foregoing negligence *per se*, Defendant is liable to Plaintiff for compensatory damages in an amount not less than $500,000.00, which amount shall be proven at trial.

42.     WHEREFORE, Plaintiff demands judgment against Defendant as follows: (1) compensatory damages in an amount not less than $500,000.00, which amount will be proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

## **JURY TRIAL REQUESTED**

Plaintiff, by counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted,

RACHEL SARA ROSENTHAL

By:

Jacob M. Lebowitz, D.C. Bar #483742
POSEY LEBOWITZ, PLLC
3221 M St. NW
Washington DC 20007
Phone: 202-524-0123
Fax: 202-810-9009
jlebowitz@poseylebowitz.com
*Counsel for Plaintiff*

Dated: January 14, 2019